UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHARLES SIMON, | : |
|        Plaintiff, | : |
| v. | : Civil Action No.    09-0692 (RMU) |
| FEDERAL PRISON INDUSTRIES, INC., *et al*., | : Re Document Nos.:  2, 7, 8, 14, 15, 18, 20, 22 |
|        Defendants. | : |

# MEMORANDUM ORDER

### GRANTING THE DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, THE PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS, THE PLAINTIFF'S REQUEST FOR A HEARING, THE PLAINTIFF'S MOTION FOR *SUA SPONTE* RECUSAL, THE PLAINTIFF'S MOTION FOR AN INJUNCTION AND THE PLAINTIFF'S MOTIONS TO EXPEDITE

This matter, transferred to this district from the United States District Court for the Southern District of New York, comes before the court on the defendants' motion to dismiss, as well as the plaintiff's motions for leave to proceed in forma pauperis, for judgment on the pleadings, for a hearing, for the undersigned judge to recuse himself, for a preliminary injunction and to expedite consideration of the preliminary injunction motion and motion for judgment on the pleadings.[1]  As a preliminary matter, the plaintiff's motion for leave to proceed in forma pauperis is denied as moot because the transferor court stated in its transfer order that the plaintiff had paid the filing fee.  *See* Transfer Order (Mar. 25, 2009).  For the reasons stated

---

[1] On July 6, 2009, the plaintiff filed a "Motion to Expedite Issuing the Mandatory Injunction Upon the Court Sua Sponte Invoking the Supreme Court Rule 22 Intervention" and on July 24, 2009, the plaintiff filed a "Motion Upon the Propose[d] Order [to] Move This Court to *Sua Sponte* Invoke the Supreme Court Rule 22 Intervention Forthwith Upon Defendants Rule 12(b)(1) Federal Rules of Civil Procedure Claim."  Although the precise nature of the relief sought is not clear, it appears that through these motions, the plaintiff requests that the court expedite consideration of the plaintiff's motions for a preliminary injunction and judgment on the pleadings.

herein, the court grants the defendants' motion to dismiss on res judicata grounds, and denies all remaining motions as moot.

The plaintiff commenced this action in October 2008, asserting claims arising from a back injury he suffered more than two decades ago while he was in prison.[2] *See generally* Compl. In 1994, as compensation for this inmate-work injury, the plaintiff was awarded $73.57 per month, with the amount to be adjusted with the federal minimum wage. *See* Defs.' Mot. to Dismiss & Opp'n to Pl.'s Mot. for Recusal ("Defs.' Mot.") at 3-4; Compl., Ex. B. The award was confirmed in 1995, at which time the plaintiff acknowledged and accepted the award by signing a document stating that the plaintiff "accept[s] the award amount recorded below as full and final settlement of [his] claim for Inmate Accident Compensation pursuant to the provisions of 28 C.F.R. Part 301." Compl., Ex. D.

In the ensuing decades, the plaintiff filed multiple lawsuits in various districts, including this one, based on the injury he suffered in November 1987 and the subsequent compensation award. Indeed, as the plaintiff has been advised before, his complaint – and any complaint arising from this same nucleus of facts – is barred by the jurisprudential doctrine of res judicata. *See Simon v. Fed. Prison Indus., Inc.*, No. 07-0292 (D.D.C. Feb. 8, 2007) (Mem. Op.) (dismissing the plaintiff's claims for disparate treatment in connection with the inmate-work injury compensation award on res judicata grounds); *Simon v. Fed. Prison Indus., Inc.*, No. 97-0757 (D.D.C. Oct. 30, 1997) (Mem. Op.) (entering a merits-based judgment in favor of the defendants, dismissing the plaintiff's petition for writ of mandamus arising from the November

---

[2]   Specifically, in November 1987, the plaintiff slipped and fell while working in the dish room of the Federal Correctional Institution in Oxford, Wisconsin, due to slippery conditions caused by a malfunctioning garbage disposal. Compl. ¶ 5. The fall aggravated a pre-existing back condition. *Id*.

1987 injury and subsequent compensation award and denying the plaintiff's motion for a preliminary injunction), *aff'd* 159 F.3d 637 (D.C. Cir. May 13, 1998).

In their motion to dismiss, the defendants have asserted that the plaintiff's complaint should be dismissed based on, *inter alia*, res judicata grounds. *See* Defs.' Mot. at 4-7. After the plaintiff failed to submit a timely opposition to the defendants' motion, the court issued an order advising the plaintiff that his complaint would be dismissed if he did not submit a response to the defendants' motion by June 29, 2009. *See* Order (May 28, 2009). To date, the plaintiff has not filed a response to the defendants' motion and has not rebutted the defendants' argument that the complaint underlying this action is barred by res judicata.[3] Because the plaintiff's complaint is plainly barred by the doctrine of res judicata, the defendants' motion to dismiss is granted and the complaint dismissed.

Accordingly, it is this 24th day of August, 2009, hereby

**ORDERED** that the defendants' motion to dismiss is **GRANTED** as conceded and the plaintiff's complaint is **DISMISSED** as barred by res judicata; and it is

**ORDERED** that all other pending motions are **DENIED** as moot.

RICARDO M. URBINA
United States District Judge

---

[3] Indeed, the plaintiff acknowledges in his motion for recusal that this court dismissed a complaint filed by the plaintiff in 2007 based on the same nucleus of facts alleged here on res judicata grounds. *See* Pl.'s Mot. for *Sua Sponte* Recusal at 1.